Argued May 22, affirmed June 18, petition for
rehearing denied July 11, 1973

IN THE MATTER OF THE DISSOLUTION OF THE MARRIAGE OF
BERROW, *Respondent, and* BERROW
(No. 72 0752), *Appellant.*
510 P2d 1344

*A. J. Morris,* Eugene, argued the cause for appellant. With him on the briefs were Bailey, Hoffman, Morris & Van Rysselberghe, Eugene.

*Allan H. Coons,* Eugene, argued the cause for respondent. With him on the brief were Coons & Malagon, Eugene.

Before Schwab, Chief Judge, and Langtry and Foley, Judges.

FOLEY, J.

This is an appeal from a decree of dissolution of marriage in which the principal issue is the court's approval of a property settlement agreement entered into between the parties. We affirm.

Petitioner-husband, 44, and respondent-wife, 39, had been married for 17 years when the petition for dissolution was filed. They were parents of two teenage girls. Respondent-wife became involved with a married man and upon learning of this relationship petitioner-husband filed for dissolution. Thereafter, a property settlement agreement was prepared by Mr. Berrow's lawyer. The terms of the proposed agreement were discussed by Mrs. Berrow with two attorneys, both of whom advised her that they could obtain more property for her than provided in the proposed agreement. The agreement provided for division of real property with a differential of approximately $24,000 in favor of the husband. There was discussion between the husband and wife of the possible liability of the wife's paramour for alienation of affections or an allied cause of action. Because she was especially concerned with protecting her paramour and his family, she overruled the attorney's advice and instructed him to negotiate a settlement on the basis of the existing property settlement agreement if he could obtain for her from her husband a general release of her paramour from all liability. This was done and after a tax exemption modification, the agreement was signed by both parties. No one put a monetary valua-

tion on the release.① ·But all seemed to concede that it had value. A colloquy between Mrs. Berrow's counsel and the court at the conclusion of testimony was as follows:

"THE COURT: Do you agree it would be inequitable to throw out the property settlement agreement and leave Mr. Berrow subject to that release of * * * [the paramour]?

"[MRS. BERROW'S ATTORNEY]: No, I don't.

"THE COURT: That's a rather substantial property right, is it not?

"[MRS. BERROW'S ATTORNEY]: That consideration, Your Honor, is in my opinion in this day and age of dubious value."

The importance of the release to Mrs. Berrow declined after the property settlement and release had been consummated. The court questioned Mrs. Berrow at the conclusion of the case:

"Q Is it a fair statement then to say that the change between then and now really is that now

---

① "[THE COURT:] Did you ever discuss with anyone—your husband or anyone else—what the monetary value might be of the release to * * * [the paramour]?

"[MRS. BERROW:] Well, my husband said he was going to sue for alienation of affection and I didn't want that so—

"[THE COURT:] I understand, but nobody put a price tag on it in the discussions of what that might be worth in dollars?

"[MRS. BERROW:] No."

Cross-examination of Jack Gardner, attorney for Mr. Berrow during negotiation of the property settlement agreement and release:

"Q And you have no opinion as to the value then?

"[MR. GARDNER:] Well, I have an opinion from what Mr. Berrow had related to me that it had value as to the extent it would depend on many factors that I can't express in value. Only that it had value."

you don't care about * * * [the paramour] and then you did?

"A That's correct. Well, his family.

"Q Pardon me?

"A What it would do to his family. I just didn't want all that brought into it.

"Q Well, I understand, but the basic difference between then and now is that at that time that was very important to you and now it isn't so important. At least it doesn't seem worth giving up all that property for?

"A I still don't want to see their family ruined, but it's for my children, and I decided we just couldn't live on that."

The court thereafter by decree approved the property settlement agreement but specifically modified it in two particulars. Instead of $1,000 provided in the property settlement agreement, the court awarded to respondent-wife $5,000 alimony, payable at $100 per month, terminable on remarriage, and provided for payment of the children's medical and dental expense contemporaneous with their support of $200 per month.

We have examined the transcript in our de novo review. We do not agree with counsel's contention that the agreement as modified by the court is inequitable, overreaching or unconscionable. On the contrary, under the unusual circumstances of this case, we do not disagree in any respect with the trial court's decree.

Affirmed.